**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Alan Mohon,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　Respondents. | No. CV-19-05095-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 19) issued by Magistrate Judge Deborah M. Fine recommending that the Court deny Petitioner Donald Alan Mohon's ("Petitioner") Motion Under 28 U.S.C. § 2254 challenging his convictions in the Maricopa County Superior Court. (Doc. 1.) Petitioner timely filed an objection to the R&R. (Doc. 24.) The Court denies Petitioner's Motion and adopts the R&R.

**BACKGROUND**

On July 15, 1991, Petitioner was charged with kidnapping, sexual conduct with a minor, child molestation, and child abuse. (Doc. 9-1 at 4-5.) Prior to trial, the Superior Court held a hearing with the Petitioner present to address pretrial motions. Petitioner's counsel, Mr. Grant, informed the court that the prosecution had reinstated an earlier plea offer:

> On this morning, the County Attorney had advised me she was going to revive her original offer to Mr. Mohon, that being a plea to sexual conduct and a child molest with attempted child molest, sentence range of 15 to 25 flat, followed by lifetime probation.
>
> Mr. Mohon was advised of the County Attorney's position. He indicated to me that if they wanted to take that much of his life, he would -- they might as well take all of it. He has declined the offer of the State.

(Doc. 9-1 at 207–08.) Mr. Grant also confirmed that Petitioner had been advised that "he was looking at a mandatory consecutive sentence that far exceeds the offer of the State" if he was convicted at trial. *Id.* at 208. The Petitioner was subsequently convicted of child abuse, two counts of sexual conduct with a minor, and molestation of a child. *Id.* at 7–11.

At the subsequent sentencing, the parties again discussed the County Attorney's prior plea offers with Petitioner present:

> THE COURT: What was the plea offer in this case?
>
> MR. GRANT: Initially, Judge, it was from 17-- 15 to 25.
>
> MS. GREER: 15 to 20 originally.
>
> MR. GRANT: 20 originally, Judge.
>
> THE COURT: Your client rolled the dice and lost; right?
>
> Mr. GRANT: For the record my client indicated to me, if accepting the plea -- by accepting the plea, the State wanted that much of his life, they might as well take all of his life, Judge. I think it was an ill conceived decision.

*Id.* at 39. Petitioner was sentenced to a total of 61 years in prison. (Doc. 1 at 2.)

On June 22, 1992, Petitioner filed a direct appeal to the Arizona Court of Appeals. (Doc. 9-1 at 55–56.) The Court of Appeals affirmed Petitioner's convictions, and the Arizona Supreme Court denied petition for review. (Doc. 9-1 at 107); (Doc. 16-1 at 2–4). Over 20 years later, Petitioner brought a Post-Conviction Relief (PCR) action in superior court. (Doc. 9-1 at 116.) After an evidentiary hearing on Petitioner's claims, the court denied the PCR petition and dismissed the proceedings. (Doc. 9-2 at 67.) The Arizona

Court of Appeals subsequently granted review and denied Petitioner relief, and the Arizona Supreme Court declined to review Petitioner's PCR petition. *Id.* at 120–21. Now, via a habeas petition, Petitioner asserts several grounds for relief: (1) ineffective assistance of counsel for failing to inform him of a plea offer for a shorter sentence and failing to properly inform him of the actual sentencing range he was exposed to if he proceeded with trial; (2) due process violations because the trial court improperly sentenced him under a "dangerous offense;" and (3) due process violations because the PCR court summarily dismissed his PCR claims. (Doc. 1 at 4–8.)

## DISCUSSION

### I. Standard of Review

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### II. Analysis

Petitioner objects to the Magistrate Judge's finding that his petition is untimely—specifically, that Petitioner knew of the facts which supported his ineffective assistance of counsel claim at the time of his trial and sentencing.

A one-year period of limitation applies to federal petitions for writ of habeas corpus.

/ / /

The relevant statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the statute went into effect on April 24, 1996, a petitioner with a conviction before this date was required to file a federal petition for writ of habeas corpus on or before April 23, 1997, unless one of the above tolling provisions applies. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner asserts that, pursuant to 28 U.S.C. § 2244(d)(1)(D), his claim cannot be time-barred because "he first learned of the existence of the second, lesser plea offer with a single prison sentence as little as fifteen (15) years imprisonment when he received case materials from the Maricopa County Superior Clerk of Court for the second time shortly before commencing his 2016 state PCR proceedings." (Doc. 24 at 2.) However, as the Magistrate Judge explained, the factual predicate of this claim was known to Petitioner at

the time of both his trial and sentencing. At a hearing prior to trial, his attorney explained that the Petitioner had rejected a plea with a "sentence range of 15 to 25" years. (Doc. 9-1 at 207–08.) And, again at Petitioner's sentencing, Mr. Grant referred to the "15 to 25" year plea that Petitioner had rejected. *Id.* at 39. Petitioner was present for both of these proceedings. His contention that he was unaware of a plea agreement which included a sentencing range as low as 15 years is thus contrary to clear evidence in the record. Nor do Petitioner's assertions that these discussions refer to the first plea he was offered, rather than the second, which he asserts was not disclosed, establish he is entitled to equitable tolling. His argument is that he was unaware of a "better" plea agreement which included a possible 15-year sentence. (Doc. 24 at 2.) However, this is directly refuted in light of the above transcripts of record. Accordingly, Petitioner was aware of any potential claim in 1992.

Thus, based on the above analysis, the statute of limitations expired on April 24, 1997. The September 3, 2019 Petition was over 20 years late, and the tolling analysis under 28 U.S.C. § 2244(d)(1)(D) does not render it timely.

## CONCLUSION

Having reviewed the record as it relates to Petitioner's objections *de novo*, the Court accepts the Report and Recommendation and denies the Petitioner's Motion.

**IT IS THEREFORE ORDERED** that Petitioner Donald Alan Mohon's Objection to the Report and Recommendation (Doc. 24) is **OVERRULLED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Deborah M. Fine (Doc. 19) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** directing the Clerk to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a

certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 19th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge